UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOSEA L. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV1853 HEA |
| | ) | |
| ST. LOUIS CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff Hosea L. Robinson, a prisoner and frequent filer of lawsuits, has failed to comply with the Court's December 18, 2018, Order requiring him to file an amended complaint on a court-provided form. Because the plaintiff is proceeding *pro se*, the Court will give him another opportunity to submit an amended complaint based on the Court's instructions. Plaintiff must also either pay the filing fee or file a motion to proceed *in forma pauperis* on a court-provided form.

**Background**

Plaintiff filed this *pro se* action on October 24, 2018, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. Upon review of plaintiff's initial complaint, the Court found it defective because, among other things, it was not drafted on the Court's form, *see* E.D. Mo. Local Rule 2.06(A). In addition, plaintiff had neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. On December 18, 2018, the Court ordered plaintiff to file an amended complaint on the Court-provided form and in compliance with the Court's instructions, and to either pay the filing fee or submit a motion to

proceed *in forma pauperis* on the Court-provided form. ECF No. 3. On January 7, 2019, plaintiff filed a motion to appoint counsel, which was subsequently denied. ECF Nos. 5, 8.

Plaintiff submitted a twenty-page, handwritten filing also on January 7, 2019, containing an "Affidavit and Motion to Proceed in forma Pauperis on his suit of Mandamus in Support - Prisoner Cases" and an " 'Amended' Suit for this Injunctive Relief of 'Mandamus.' " ECF No. 6. Both documents contain a "Statement of Claims" section and allege violations of plaintiff's constitutional rights under the ADA. These filings were not on court-provided forms. On January 31, 2019, plaintiff filed a document titled "Motion for Review of Opinion, Memorandum and Court Order," which appears to be a motion for reconsideration of the denial of his motion to appoint counsel. ECF No. 9.

## Discussion

Again, the allegations and arguments of plaintiff's filings are not clear and the "amended" complaint is defective because it was not drafted on the Court's form, *see* E.D. Mo. Local Rule 2.06(A). Plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his rights. In addition, plaintiff has still not paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*.[1]

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint on the Court's form. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims

---

[1] The Court notes that plaintiff uses the language "motion to proceed 'in forma pauperis' " on one page of his January 7, 2019, filing. ECF No. 6. However, such a request should be filed on a Court form and should be accompanied by a statement of the applicant's financial information. E.D. Mo. Local Rules 2.05(A), 2.06(A). A certified copy of plaintiff's inmate account statement for the six-month period immediately preceding the filing of the complaint is required by 28 U.S.C. § 1915(a)(2).

in the action must be included in one, centralized complaint form.[2] *See* Fed. R. Civ. P. 7(a)(1), 8(a).

In addition, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.*

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. See Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. See Fed. R. Civ. P. 18(a). The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show

---

[2] Based on a review of cases previously filed by plaintiff, it appears that many of the allegations raised in the complaint here are the same or substantially similar allegations as those dismissed in other suits. *See Robinson v. State of Mo.*, No. 4:18-cv-1225-JAR (alleging ADA and ADAAA claims for denial of access to medical care and equipment; denial of right to fair trial; and deliberate indifference to serious medical needs); *Robinson v. State of Mo.*, 4:18-cv-114-RLW (same). Plaintiff's amended complaint should be clear on how the claims raised in this matter differ from those already considered by this Court.

how each and every defendant he names is personally involved in or directly responsible for the alleged harm. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

To the extent that plaintiff seeks reconsideration of the denial of appointment of counsel, his request is denied. *See* ECF No. 9. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.* After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Further, the request for counsel is premature as plaintiff has not even been granted *in forma pauperis* status or paid a filing fee in this case; no defendants have been served; and no Case Management Order has been entered.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall to mail to plaintiff copies of the Court's Prisoner Civil Rights Complaint form and Motion to Proceed *in Forma Pauperis* – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the filing fee or submit a motion to proceed *in forma pauperis* on the Court-provided form. If plaintiff files a motion to proceed *in forma pauperis*, he shall also

4

submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 11th day of March, 2019

                                                     HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE